Dear Mr. Robein:
We are in receipt of your opinion request wherein you state that you represent the New Orleans Firefighters Pension and Relief Fund. You ask if firefighters who serve on the Board of the Fund can be reimbursed or paid for the shortage in their income as a result of their service on the board? You state that if a firefighter utilizes annual leave within a work cycle for Board duties, his or her overtime opportunities are diminished or eliminated entirely. The Fund does not compensate trustees for their attendance at board meetings or other Fund related activities.
LSA R.S. 11:3361 creates the pension and relief fund for firefighters in the city of New Orleans. The City of New Orleans makes an annual contribution to the fund and the firefighters also contribute (not less than five per cent of their salary) to the fund. Other monies can come from donations and assessments. This completes the source of revenues for the fund.
LSA R.S. 11:3362 creates the Board of Trustees for the fund. The Board is comprised of:
 1. The superintendent of the fire department; 2. The director of finance of the City of New Orleans 3. Five members elected from the ranks of the department; 4. Three members elected from the ranks of retired members of the department.
The term of the Board members is two years with elections being held every two years.
LSA R.S. 11:3363 defines the powers of the Board. The Board controls the fund and all money donated paid or assessed for the relief of the members of the fire department, their widows, minor children, and widowed mothers.
 LSA R.S. 11:3363 D. states: The board may employ personnel, professional advisors, legal and technical assistants, and pay compensation for services rendered and shall employ an actuary who shall certify to the board the amount of contributions required from the city and other sources to maintain the system on a actuarial basis.
 LSA R.S. 11:3363 E. states: The board shall have exclusive control of the allocation of funds and the payment of funds for operational expenses, the balance of all funds shall be regularly and promptly invested in accordance with the provisions of this Part.
The Board members have a fiduciary duty as stated in LSA R.S. 11:3363.1.
 Sect. F (1) provides that: Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this Part shall be personally liable to make good to such plan any losses to the plan resulting from each such breach and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary,
You state in your letter that LSA R.S. 11:3369 authorizes the Board of Trustees to pay "any other fees and expenses". This is a delicate situation. The question is whether the Board has the statutory authority to reimburse Board members for "lost wages". The statute clearly does not authorize this type of payment. Although I agree that the firefighter Board members should not have to use their annual leave for Board Meetings and activities, the Louisiana statutes do not authorize the Board to pay wages. Fees and other expenses cannot be considered wages. A statute should be given its clear and correct meaning. Although ERISA (Employee Retirement Income Security Program) may allow the reasonable compensation to plan fiduciaries, the Louisiana enabling statute only allows payment to the "active trustee".
The enabling statute clearly provides for the membership of five firefighters. Therefore, the Superintendent of the NOFD is in violation of the statute if he penalizes the firefighters on the Board. It is incumbent upon the Superintendent not to impede the duties of these firefighters, yet provide for their attendance without penalty. Although this may be difficult, it is imperative that the Board Trustees meet with the Superintendent and work out a schedule that will not violate the statute. The Board members must remember that they have a fiduciary duty to the Fund and the statutes do not envision the payment of funds to firefighters unless they are deceased or disabled. To avoid even the appearance of impropriety, it is incumbent upon both parties to allow the statutorily mandated firefighters to serve without impediment.
Thank you for your kind attention to this matter. If you have any questions, please do not hesitate to contact me at 225-342-3978.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ Kordice M. Douglas Assistant Attorney General
KMD:spa